QUESTIONS: 1. Is a "final invoice" for the purchase of real property, without other documentation, sufficient for the office of the property appraiser to change the ownership of such real property on the real property assessment roll? 2. Is such a "final invoice" sufficient to allow homestead exemption?
SUMMARY: A "final invoice" for the purchase of real property, standing alone, is insufficient evidence of legal or equitable title to the real property and thus is insufficient for the property appraiser to change the ownership on the real property assessment roll or to grant homestead ad valorem tax exemption. For the reason stated herein, it is my opinion that your questions should be answered in the negative. Your letter indicates that evidently there was no other contract or agreement executed for the purchase of the subject real property, but that you were furnished only a copy of a document which purported to be a "final invoice." Said "final invoice" contained the selling company's name, the date, the addressee's name, the caption "FINAL INVOICE, closing for purchase of residence and lot," a lot number, and the contract price. The document contained a notation by and the signature of a vice president of the seller containing the date and the words "paid in full." The final invoice enclosed with your inquiry is clearly not sufficient evidence of conveyance of legal title to real property, nor is it sufficient evidence of equitable title. Among other things, the name or names of the new owner(s) of the property are not ascertainable from the final invoice — it is not clear that title to the property is being or will be conveyed to the addressees of the final invoice. Section193.114(2)(e), F.S., and the Department of Revenue's regulation, Rule 12B-1.119(2)(a), F.A.C., require the assessment roll to reflect the "owner or fiduciary responsible for payment of taxes." In AGO 074-216 I expressed the opinion that "the name of the property owner may under current law be changed on the tax roll based on proof of ownership . . . ." Similarly, in AGO 070-126, I expressed the opinion that when a nonowner possessor of land filed an affidavit with the property appraiser and requested that the property be assessed in his name, the property appraiser could assess the property in affiant's name. See also, AGO's 070-57 and 074-363. These opinions are distinguishable from the present situation in that proof of ownership and the name under which title was to vest were evidenced in the documents presented to the property appraiser. In the facts you have presented here, the name under which title is to vest is, at best, unclear. Therefore, it is my opinion that the name under which such ownership on the tax roll is to be noted and an
accurate description of the subject property are requisites of any alteration in the listings on the assessment roll. Your second question asks if the final invoice alone, as described above, is sufficient to allow homestead exemption. The applicant for homestead exemption must, inter alia, establish that he or she has the legal title or beneficial title in equity to the real property for which the exemption is sought. Article VII, s. 6(a), State Const., s. 196.031(1), F.S., and AGO 074-216. As I indicated in my response to question 1, the final invoice is not sufficient evidence of legal or equitable title to real property. Thus, even assuming that the other requirements for homestead exemption are satisfied, it is my opinion that granting of homestead exemption would be improper for the document submitted with your inquiry is insufficient evidence of legal or equitable title to real estate.